UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Anthony Bianco,<br>individually and on behalf of all others similarly situated,<br>Plaintiff(s),<br>-v.-<br>Midland Credit Management, Inc.,<br>Defendant(s). | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Anthony Bianco ("Plaintiff"), brings this Class Action Complaint by and through his attorneys, against Midland Credit Management, Inc. ("Midland" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.  The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act found that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.  The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

1

protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. *Id*. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Massachusetts consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and Plaintiff is seeking damages and declaratory relief.

## PARTIES

6. Plaintiff is a resident of the State of Massachusetts, county of Middlesex.

7. Defendant Midland is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service c/o Corporation Service Company at 84 State Street, Boston, Massachusetts 02109.

8. Upon information and belief, Defendant Midland is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

## CLASS ALLEGATIONS

9. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

10. The Class consists of all individuals:

    a. with addresses in the State of Massachusetts;

    b. to whom the Defendant Midland sent a letter;

    c. attempting to collect a consumer debt;

    d. providing that the individual was pre-approved for a discount program to repay the debt with three options as follows:

        i. 10% off to repay in one installment;

        ii. 5% off to repay in six installments;

        iii. Monthly payments as low as $50.00 per month; and

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

11. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

12. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

13. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is

whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

14. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

15. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

   c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are adverse to the absent

        class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

16.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

17.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

18.    Plaintiff repeats the above allegations as if set forth herein.

19.    Some time prior to March 9, 2022, Plaintiff allegedly incurred an obligation to non-party Capital One Bank (USA), N.A. ("Capital One").

20. The obligation arose out of a transaction(s) involving a debt to Capital One in which money, property, insurance or services, that are the subject of the transaction(s), were incurred solely for personal purposes.

21. The alleged Capital One obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

22. Capital One is a "creditor" as defined by 15 U.S.C. § 1692a (4).

23. Upon information and belief, Capital One sold or assigned the account to Midland to collect the alleged debt.

24. Midland collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violations – March 9, 2022 Collection Letter*

25. On or about March 9, 2022, Defendant Midland sent the Plaintiff a collection letter, a copy of which is attached as Exhibit A (the "Letter").

26. The collection Letter sets forth that the Plaintiff was pre-approved for a discount program to repay the debt with three options as follows:

    i. 10% off to repay in one installment;

    ii. 5% off to repay in six installments;

    iii. Monthly payments as low as $50.00 per month;

27. The third option provided by the Defendant is not adequately explained and results in two different possible interpretations.

28. First, Option 3 might be construed to be an option where a discounted amount is being paid in payments of $50.00 a month.

29. Second, Option 3 might be construed to be an option where monthly payments of $50.00 would be made until the debt is paid off.

30. In addition, if Option 3 means that the $50.00 payment would be made until the debt is fully paid off, the Letter is deceptive because it describes all three options as options "designed to save you money." If the debt is being paid in full under Option 3, it is not a discount program and therefore the Letter is deceptive.

31. By failing to explain whether Option 3 is a settlement option or a full pay option, the Letter is false, deceptive and misleading.

32. Plaintiff was confused as to whether the third option was a discounted option at all because it did not provide for a percentage off, only a monthly payment without explanation.

33. Plaintiff was unable to properly evaluate the demand for payment or how to address it.

34. Defendant misled the Plaintiff with a hollow "discount program" by using a deceptive accounting of the third payment option.

35. For the foregoing reasons, Plaintiff was unable to evaluate his options of how to handle this debt.

36. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

37. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

38. Plaintiff has suffered emotional distress, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep, because of the Defendant's misrepresentations and omissions concerning the characterization and amount of the debt.

39. Plaintiff has suffered wasted time and annoyance because of the Defendant's misrepresentations and omissions concerning the characterization and amount of the debt.

40. Plaintiff has expended, and continues to expend, time and money because of the Defendant's misrepresentations and omissions concerning the characterization and amount of the debt.

41. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

42. The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

43. As it relates to this case, the common-law analogues are to the traditional torts of misrepresentation, malicious prosecution, wrongful use of civil proceedings, abuse of process, intimidation, negligent infliction of emotional distress, and fraud.

44. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

45. Plaintiff is entitled to receive proper notice of the character and amount of the debt, as required by the FDCPA.

46. Defendant failed to effectively inform the Plaintiff of this information, and in fact, attempted to conceal it in violation of the law.

47. These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

48. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA

provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

49. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

50. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond or handle the Defendant's debt collection.

51. Plaintiff was confused and misled to his detriment by the statements in the Letter, and relied on the contents of the Letter to his detriment.

52. Because of the Defendant's actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were spent elsewhere.

53. As a result of the Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

54. Plaintiff repeats the above allegations as if set forth herein.

55. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

56. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

57. Defendant violated said section, inter alia, by:

　　a. Falsely representing the character, amount, or legal status of the debt in violation of § 1692e (2);

    b.  Using a false representation or deceptive means to collect or attempt to collect a debt in violation of § 1692e (10);

58. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

59. Plaintiff repeats the above allegations as if set forth herein.

60. Additionally, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

61. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

62. Defendant violated this section by unfairly collecting the alleged debt, as described above, in violation of § 1692f.

63. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

64. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Anthony Bianco, individually and on behalf of all others similarly situated, demands judgment from the Defendant Midland as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned counsel as Class Counsel;

b) Awarding the Plaintiff and the Class statutory damages;

c) Awarding the Plaintiff and the Class actual damages;

d) Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: July 20, 2022                    Respectfully submitted,

**LAW OFFICES OF SCOTT H. BERNSTEIN LLC**

/s/ Scott H. Bernstein
Scott H. Bernstein, Esq.
*Attorneys For Plaintiff*
101 Eisenhower Parkway, Suite #300
Roseland, New Jersey 07068
(203) 246-2887
scott@scottbernsteinlaw.com